UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| LAURA L. DINIS,<br>ON BEHALF OF HERSELF AND<br>ALL OTHISS SIMILARLY SITUATED,<br><br>       Plaintiff,<br>  v<br><br>CAVALRY PORTFOLIO SERVICES, LLC,<br><br>       Defendant. | }<br>}<br>}<br>}<br>}  Civil Action, File No.<br>}<br>}<br>}<br>}<br>} |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Laura L. Dinis [hereinafter "Dinis"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Cavalry Portfolio Services, LLC (hereinafter "CPS"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on CPS's regular transaction of business within this district. Venue in this district also is proper based on CPS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. CPS also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Dinis is a natural person who resides at 365 Revilo Avenue, Shirley, NY 11967.

6. Dinis is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about August 29, 2017, CPS sent Dinis the letter annexed as Exhibit A. Dinis received and read Exhibit A. For the reasons set forth below, Dinis's receipt and reading of Exhibit A deprived Dinis of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, CPS sent Exhibit A to Dinis in an attempt to collect a past due debt.

9. Per Exhibit A, the past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Citibank, N.A. for her individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. CPS attempted to collect this past due debt from Dinis in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. CPS is a Delaware Limited Liability Corporation and a New York Foreign Limited Liability Corporation located in New York State in the County of Westchester in Valhalla, NY.

11. Based upon Exhibit A and upon CPS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of CPS is the collection of debts using the instrumentalities of interstate commerce,

including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. On Exhibit A, CPS identifies itself as a "debt collector" attempting to collect an alleged debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon the allegations in the above two paragraphs, CPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

15. Exhibit A does not identify in any manner or does not clearly, effectively, or properly identify the "creditor" and/or the entity to whom the alleged debt allegedly is owed or on whose behalf CPS was attempting to collect the alleged debt.

16. Based on the above, CPS violated 15 USC 1692e, and 15 USC 1692e(10) by sending Exhibit A to Dinis.

## SECOND CAUSE OF ACTION-CLASS CLAIM

17. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

18. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## CLASS ALLEGATIONS

19. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

20. The class consist of (a) all natural persons (b) who received a letter from CPS dated between August 29, 2017 and August 29, 2018 to collect an alleged past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A.

21. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

22. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

23. The predominant common question is whether Defendant's letters violate the FDCPA.

24. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

25. A class action is the superior means of adjudicating this dispute.

26. Individual cases are not economically feasible.

   **WHISEFORE**, Plaintiff requests the following relief:

   1. A Judgment against CPS in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

   2. Any and all other relief deemed just and warranted by this court.

Dated:       August 29, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255

Huntington, NY 11743
(631) 335-1107